# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

TRAVIS RAY MCPEEK,

      Plaintiff,

vs.

UNKNOWN SIOUX CITY DEA
OFFICERS, SIOUX CITY POLICE
OFFICER ZACH LEWIS, OFFICER
TYLER, SWAT TEAM, IOWA
DEPARTMENT OF CORRECTIONS
OFFICERS, PAROLE OFFICER JIM
THOMPSON, PAROLE OFFICER
MANNY SCARMON, UNKNOWN
WOODBURY COUNTY JAIL
OFFICERS, SIOUX CITY POLICE
DEPARTMENT,

      Defendants.

No. C17-4011-LTS

ORDER

## I.   INTRODUCTION

This matter is before me on plaintiff's complaint (Doc. No. 3), filed on February 21, 2017, plaintiff's motion to appoint counsel (Doc. No. 5), filed on March 17, 2017, and plaintiff's motion for discovery (Doc. No. 8), filed on March 31, 2017.  Also before the court is the response by the government (Doc. No. 10), filed on March 31, 2017, the response by the Woodbury County Jail (Doc. No. 11), filed on March 31, 2017, and the response by the Sioux City Police Department and Sioux City Police Officer Zach Lewis (Doc. No. 13), filed on March 31, 2017.  Despite those responses and plaintiff's familiarity with federal court proceedings, plaintiff opted not to file anything further, which suggests that he desires to stand on his pleading rather than amend it.  In light of the procedural posture of this case, the court deems it appropriate to conduct a further review of plaintiff's claims.

## II.    APPOINTMENT OF COUNSEL AND DISCOVERY

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in some federal actions, it is not required to appoint an attorney. *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing denial of appointment of counsel); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (same); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996) (same); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case).  Given the record in this action, the court does not believe that the assistance of counsel is warranted.  Therefore, plaintiff's motion to appoint counsel shall be denied.

With respect to plaintiff's motion for discovery, there is no reason to conduct discovery at this point in the proceeding because plaintiff's complaint is deficient in numerous ways.  Accordingly, plaintiff's motion for discovery shall be denied.

## III.    STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994).  In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).  A claim is

"frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV.   CLAIMS ASSERTED

Currently confined at the Yankton County Jail in Yankton, South Dakota, plaintiff, proceeding pro se, submitted a complaint to redress issues that appear to be related to his supervision while on parole, his arrest pursuant to search warrants on July 29, 2015, subsequent searches of his smartphone and laptop pursuant to a search warrant and his confinement for six months within a police station and then at the Woodbury County Jail until he no longer faced theft charges because they were dismissed, assault charges because the jury acquitted him and his parole hold because criminal charges were resolved in his favor. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district and the defendants are located in this district. As relief, plaintiff states that he wants to be awarded $33,000,000 in damages and a protective order to prevent further harassment.

## V.  ANALYSIS

### A.  Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

A pro se party's pleadings are to be liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *accord United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014). Liberal construction requires that, "if the essence of an allegation is discernible . . ., then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Additionally, the court is not permitted to act as counsel to either party. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("A pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party."). Therefore, the court is not permitted to construct claims on behalf of a pro se party, even though it has a duty to liberally construe his or her pleadings. *Cf. id.*; *Farnsworth v. United States*, 106 Fed. Cl. 513, 518 (Fed. Cl. 2012) (noting that a pro se plaintiff is entitled to liberal construction of his or her pleadings; however, there is no duty on the part of the court to create a claim which the pro se party has not asserted in his or her pleading). Likewise, the court will not rewrite deficient pleadings to save them. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) ("Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997))); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009) ("However, [the court] will not act as *de facto* counsel for pro se parties or rewrite a deficient pleading." (formatting omitted)).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Those rules require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

Given the record, the court concludes that plaintiff's pleading does not comply with the Federal Rules of Civil Procedure because plaintiff's bare allegations do not indicate that any defendant deprived him of a constitutionally protected right. *See Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) ("To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right."). Indeed, it is difficult to discern what federal claim, if any, plaintiff is actually asserting against any defendant because plaintiff does not allege facts demonstrating that he suffered any constitutional deprivation. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (explaining that a complaint cannot be so underdeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Federal Rule of Civil Procedure 8).

With respect to those defendants who have not been identified by name, plaintiff's allegations are far too vague. Plaintiff does not allege sufficient facts supporting their personal involvement with or responsibility for any harm that he suffered. *See Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976) (explaining that liability cannot be imposed absent personal involvement in the alleged unconstitutional actions); *Stewart v. Baker*, 360 F. App'x 696, 697 (8th Cir. 2010) (stating that a plaintiff must allege in his or her complaint that a defendant was personally involved with or had direct responsibility for the incident that injured him or her) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)); *accord Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (requiring personal involvement or responsibility for a constitutional violation). If plaintiff did not know the names of Sioux City DEA officers, swat team members, Iowa Department of Corrections officers and Woodbury County Jail officers, he should have identified each of them as John Doe #1, #2, and so forth, along with any physical description of such individual and such individual's place of employment, if known. In addition, he should have provided a brief description of what each defendant directly did or failed to do in violation of his federal civil rights. Because plaintiff did not do enough to identify the individuals whom he believes are responsible for depriving him of his constitutional rights, it is appropriate to dismiss them from this action.

Additionally, plaintiff does not assert that any conduct by a defendant acting in his or her official capacity occurred pursuant to an unconstitutional policy or as a result of a failure to properly supervise or train an employee. Given his assertions, or lack thereof, plaintiff's action against Sioux City DEA officers, swat team officers, Iowa Department of Corrections officers, Woodbury County Jail officers, Sioux City Police Officer Zach Lewis, Officer Tyler, Parole Officer Jim Thompson and Parole Officer Manny Scarmon is subject to dismissal. *See Alexander v. Hedback*, 718 F.3d 762, 766-67 (8th Cir. 2013) (determining that plaintiff failed to set forth sufficient facts to show a direct causal link

between a municipal policy or custom and the alleged constitutional deprivation); *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (explaining assumption when pleading does not include an express statement as to what capacity a defendant is being sued); *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (explaining duty to properly plead claims).

As to the Sioux City Police Department, it is clear that, "[t]o establish municipal liability under [42 U.S.C.] § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)). Plaintiff's claim against the Sioux City Police Department fails on grounds that he does not assert that the Sioux City Police Department is liable for an injury that one of its employees inflicted because "a particular municipal policy or custom itself violates federal law, or directs an employee to do so" or a particular "lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Id.* (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)); *cf. Chambers v. St. Louis Cty.*, 247 F. App'x 846, 848 (8th Cir. 2007) (concluding that speculative allegations about an apparent policy were merely conclusory). Hence, it is appropriate to dismiss the Sioux City Police Department from this action.

Plaintiff's assertions against the defendants are also insufficient because they fail to state valid constitutional claims under 42 U.S.C. § 1983. Indeed, the facts asserted by plaintiff do not support a viable claim based on plaintiff's parole supervision, arrest, prosecution or pretrial detention prior to the dates that he resolved criminal charges and parole issues.

As for plaintiff's parole supervision, "officials acting pursuant to a court order have 'a quasi judicial absolute immunity from damages for actions taken to execute that order.'" *Rose v. Flairty*, 772 F.3d 552, 554 (8th Cir. 2014) (quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993)). Aside from being protected when enforcing a court's

directive, an official is entitled to absolute immunity when he or she performs an "adjudicatory or prosecutorial function." *Id.* Officials have quasi judicial absolute immunity when they "perform discretionary tasks that play an integral part in the decision making process," such as when they "evaluate facts, draw conclusions, and make recommendations." *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996).

I find that plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. Plaintiff acknowledges that he was on parole and, as a consequence of his parolee status, it is clear that he faced parole holds when he faced new law violations, verification of whether he was working, searches of his vehicle, requests for information, medication restrictions, driving restrictions, work restrictions, street restrictions, arrest warrants and supervision by different parole officers.[1] Plaintiff complains about the conditions of his parole, but he does not assert that any parole officer acted outside the scope of that officer's authority. Nothing suggests that in enforcing the conditions of plaintiff's parole, the parole officers failed to perform a legitimate job-related function through means that were within their power to utilize. The alleged facts do not support a plausible claim that the parole officers' "harassment" while acting within their discretionary authority violated plaintiff's constitutional rights. *Cf. Frietas v. Ault*, 109 F.3d 1335 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind.").

Regarding plaintiff's arrest, he does not assert that the arresting officer lacked probable cause to arrest him and he acknowledges that two search warrants for two

---

[1] Plaintiff names Parole Officer Jim Thompson and Parole Officer Manny Scarmon as defendants. It is unclear whether Officer Tyler is a parole officer or a police officer. Regardless of Officer Tyler's employment status, it appears that he knew plaintiff's status as a parolee on work release. It is also evident that Officer Tyler conducted a consensual search of plaintiff's vehicle and that plaintiff voluntarily answered Officer Tyler's questions. With respect to Officer Tyler's search of plaintiff's vehicle and Officer Tyler's questions, plaintiff does not assert that he suffered any harm.

separate addresses were issued.[2]  *See Royster v. Nichols*, 698 F.3d 681, 687-88 (8th Cir. 2012) (discussing probable cause to arrest); *Marksmeier v. Davie*, 622 F.3d 896, 900 (8th Cir. 2010) (same).  In addition, plaintiff does not assert that the search warrants were impermissibly supported by false information and, thus, were obtained in violation of the Fourth Amendment.  *See Small v. McCrystal*, 708 F.3d 997, 1006 (8th Cir. 2013) (explaining that an officer is not entitled to immunity if a judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth); *accord Robertson v. Lucas*, 753 F.3d 606, 618-19 (6th Cir. 2014); *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000).  Rather than plead sufficient facts to establish a valid constitutional claim, plaintiff merely maintains that Sioux City Police Officer Zach Lewis relied on a federal search warrant that listed "Center St." to obtain a state search warrant for 618 Myrtle St.  But those facts do not establish that anyone made a false statement in support of a search warrant for a particular location and that such statement was necessary to the finding of probable cause.

Plaintiff also refers to state court criminal actions.[3]  From the docket of those actions, it is evident that: (1) plaintiff was convicted of aggravated theft in 2013 and had

---

[2] The court notes that plaintiff's claim concerning the search warrant may be subject to the preclusive effect of collateral estoppel based upon the failure to challenge the search warrant in state court criminal proceedings.  *See* 28 U.S.C. § 1738 (providing that judicial proceedings are entitled to full faith and credit in every court within the United States); *Allen v. McCurry*, 449 U.S. 90, 104-05 (1980) (explaining that a state court judgment or decision is binding when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims); *id*. at 104 n.23 (noting that the lower court "did not suggest that the prospect of collateral estoppel in a § 1983 suit would deter a defendant in a state criminal case from raising Fourth Amendment claims, and it is difficult to imagine a defendant risking conviction and imprisonment because he hoped to win a later civil judgment based upon an allegedly illegal search and seizure").

[3] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

his parole reinstated in January of 2015 pursuant to an alleged parole violation in December of 2014, *see State v. McPeek*, Case No. FECR084941 (Woodbury Cty. Dist. Ct. 2013); (2) plaintiff faced charges of driving while barred and carrying weapons as a result of criminal complaints that were filed against him on December 28, 2014, and he was convicted of those charges on April 20, 2015, *see State v. McPeek*, Case No. AGCR090227 (Woodbury Cty. Dist. Ct. 2015); (3) plaintiff faced first degree theft and second degree fraudulent practice charges as a result of criminal complaints that were filed against him on August 3, 2015, and those charges were dismissed on October 26, 2015, *see State v. McPeek*, Case No. FECR092001 (Woodbury Cty. Dist. Ct. 2015); and (4) plaintiff faced a charge of assault while displaying a dangerous weapon and a charge of assault causing bodily injury or mental illness as a result of a criminal complaint that was filed against him on July 30, 2015, and he was acquitted of such charges on January 20, 2016, *see State v. McPeek*, Case No. AGCR091971 (Woodbury Cty. Dist. Ct. 2016).

Clearly, plaintiff faced criminal charges or additional proceedings in light of prior criminal convictions, and, because he does not contest the validity of those charges or proceedings, they establish probable cause to arrest him as a matter of law. *See Davis v. White*, 794 F.3d 1008, 1014-15 (8th Cir. 2015) (stating that, "[i]n an extreme case, a police officer's intentional or reckless failure to investigate before making a complaint can support a substantive due process claim, but neither negligent nor grossly negligent failure to investigate amounts to a constitutional violation" (citing *Amrine v. Brooks*, 522 F.3d 823, 833-34 (8th Cir. 2008))); *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007) (making clear that the negligent failure to investigate does not violate due process). Under the facts alleged, the state and/or federal officers who merely executed the search warrant based on criminal charges or proceedings in light of prior criminal convictions cannot be liable. Moreover, plaintiff does not allege any facts indicating what each defendant did to detain him without legal process. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012) (explaining that an arrest made without probable

cause is grounded in the Fourth Amendment's protection against unreasonable seizures and prevents a person's unlawful detention).

Lastly, plaintiff does not allege sufficient facts to support a plausible claim that officers arrested him in an unconstitutional manner.

> Following a consensual or otherwise lawful entry into a private dwelling, police can pat a suspect down for weapons if they have a reasonable, particularized suspicion that the suspect is armed. *United States v. Flippin*, 924 F.2d 163, 165-66 (9th Cir. 1991); *see Terry v. Ohio*, 392 U.S. 1, 21 (1968). [And, a] lawful custodial arrest justifies a contemporaneous warrantless search of the arrested person. *New York v. Belton*, 453 U.S. 454, 457 (1981).

*United States v. Brooks*, 2 F.3d 838, 842 (8th Cir. 1992) (parallel citations omitted). Plaintiff concedes that he was wearing underwear while sleeping in a bed and officers permitted him to fully clothe himself after they seized him. It is also evident that officers executed a search warrant because plaintiff faced a charge of assault while displaying a dangerous weapon. Plaintiff alleges neither (1) that the officers lacked a reasonable, particularized suspicion to conduct a protective patdown search for weapons nor (2) that the officers failed to lawfully arrest him. *See id.* Similarly, plaintiff's assertion that he was roughly handled does not establish a constitutional violation because the facts indicate officers only used *de minimis* force and plaintiff suffered no injury. *See, e.g.*, *Schoettle v. Jefferson Cty.*, 788 F.3d 855, 858-61 (8th Cir. 2015) (discussing factors, including the severity of the crime at issue, the nature of the threat to the safety of the officers or others that the suspect poses and the level of the suspect's resistance to arrest, that must be considered when determining whether unreasonable force was used); *Grider v. Bowling*, 785 F.3d 1248, 1251-53 (8th Cir. 2015) ("The dispositive question is whether the officer's conduct was objectively reasonable under the circumstances, as judged from the perspective of a reasonable officer on the scene at the time the force was applied."); *Ziesmer v. Hagen*, 785 F.3d 1233, 1237-39 (8th Cir. 2015) (discussing proof of injury);

*Partlow v. Stadler*, 774 F.3d 497, 502 (8th Cir. 2014) (analyzing excessive-force claim in the context of seizures under the Fourth Amendment and applying a reasonableness standard); *Peterson v. Kopp*, 754 F.3d 594, 600-01 (8th Cir. 2014) (same); *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (same); *Royster*, 698 F.3d at 691 (explaining that "[a] *de minimis use of force* is insufficient to support a claim, and it may well be that most plaintiffs showing only *de minimis* injury can show only a corresponding *de minimis* use of force" (quoting *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011))); *Rohrbough v. Hall*, 586 F.3d 582, 585-86 (8th Cir. 2009) (stating that the appropriate inquiry is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, which include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, whether the suspect actively resisted arrest or attempted to evade arrest by flight and the extent of the suspect's injuries). Thus, the alleged facts do not establish a violation of the Fourth Amendment.[4]

## VI. CONCLUSION

In light of the foregoing, plaintiff's complaint will be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b)(1), the dismissal of this action shall count against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

---

[4] To the extent plaintiff is attempting to assert state law claims, such as the destruction of his personal property, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 F. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims). In light of the court's further review of plaintiff's claims and plaintiff's statement as to the court's jurisdiction, there is no reason to retain jurisdiction over the supplemental claims, if any, that he desires to pursue.

**IT IS THEREFORE ORDERED**:

1)      Plaintiff's motion to appoint counsel (Doc. No. 5) and motion for discovery (Doc. No. 8) are **denied**.

(2)     This action is **dismissed** pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(3)     The dismissal of this action counts against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(4)     The Clerk shall enter judgment in favor of the defendants.


**IT IS SO ORDERED.**

**DATED** this 25th day of April, 2017.


_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE